UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES L. BROWN, SR., | ) |
| Petitioner, | ) CASE NO. C06-1095-MJP-MJB |
| v. | ) (CR96-548-WLD) |
| | ) REPORT AND |
| UNITED STATES OF AMERICA, | ) RECOMMENDATION |
| Respondent. | ) |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, James L. Brown, Sr., is a federal prisoner currently incarcerated at the United States Penitentiary in Lompoc, California. He filed this motion pursuant to 28 U.S.C. § 2255 challenging his October 2005 resentencing on a July 1997 conviction for conspiracy to distribute cocaine and cocaine base, attempted possession of cocaine with intent to distribute, and money laundering. The Government filed a response and Petitioner filed a reply. After carefully considering the record and the memoranda of the parties, the undersigned concludes that an evidentiary hearing is not necessary and recommends that Petitioner's § 2255 motion be DENIED.

REPORT AND RECOMMENDATION
Page - 1

## II.  PROCEDURAL HISTORY[1]

On July 25, 1997, a jury convicted Petitioner of count one, conspiracy to distribute cocaine and crack; count two, continuing criminal enterprise; count ten, attempted possession of cocaine with intent to distribute; and count fifteen, money laundering.  On December 3, 1997, the Honorable William L. Dwyer sentenced Petitioner to three hundred and twenty-four (324) months in prison on counts two and ten, and two hundred and forty (240) months in prison on count fifteen, with sentences to run concurrently.  The Court dismissed without prejudice the conspiracy conviction as a lesser-included offense of the continuing criminal enterprise conviction.

Petitioner appealed his conviction to the Ninth Circuit Court of Appeals, which affirmed the conviction and sentence in an unpublished Memorandum Opinion.  His subsequent *pro se* petition to the United States Supreme Court for certiorari was denied on November 15, 1999.

In November 2000, Petitioner filed a *pro se* motion under 28 U.S.C. § 2255 challenging his conviction and sentence.  Petitioner's later motion for appointment of counsel was granted, and counsel filed a substitute § 2255 petition on May 21, 2002.  After consideration of the § 2255 petition and the responses filed thereto, this Court issued an order on February 24, 2004, vacating petitioner's continuing criminal enterprise conviction.  Petitioner again appealed to the Ninth Circuit, and the Government filed a cross-appeal.  The Ninth Circuit subsequently granted the parties' joint motion for a limited remand for purposes of resentencing.  On October 14, 2005, the Honorable Marsha J. Pechman resentenced Petitioner to one hundred and eighty-five

---

[1] This procedural history consists of a summary of pertinent procedural facts described in Petitioner's Memorandum of Law in Support of Motion Under 28 U.S.C. § 2255, (Dkt. #1, Ex. Part 1 at 10-12), and in the Government's Answer to Motion Under 28 U.S.C. § 2255, (Dkt. #12 at 5-9).

REPORT AND RECOMMENDATION
Page - 2

months in prison and five years supervised release. On January 6, 2006, the parties agreed to dismiss their pending appeals in the Ninth Circuit.

On July 20, 2006, Petitioner timely filed the current § 2255 motion raising the following grounds for relief:

> Ground I. Whether re-sentencing counsel rendered constitutionally ineffective assistance of counsel by failing to inform the court that it had never considered Ms. Muldrow's testimony and for failing to argue Petitioner's drug amount under the relevant conduct provision of the Sentencing Guidelines.
>
> Ground II. Deficient Performance from Failure to Investigate.

(Dkt. #1, Ex. Part 1 at 13, 22.)

## III.  DISCUSSION

Petitioner's overall claim in his § 2255 petition is that his counsel's inadequate performance at resentencing deprived him of the assistance of counsel guaranteed by the Sixth Amendment and breached the standards of practicing professional attorneys under the prevailing professional norms. (*Id.* at 36.) He seeks a remand for resentencing. (*Id.*)

To prevail on his ineffective assistance of counsel claim, Petitioner must establish two components. First, Petitioner must show that his counsel's performance was deficient, *i.e.*, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Second, he must show that counsel's deficient performance prejudiced the defense, i.e., that "there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different." *See id.*; *United States v. Cochrane*, 985 F.2d 1027, 1030 (9th Cir. 1993).

Judicial scrutiny of counsel's performance must be highly deferential. *Strickland*, 466 U.S. at 689. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's

REPORT AND RECOMMENDATION
Page - 3

challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Id.* There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

The reviewing court need not address both components of the inquiry if an insufficient showing is made on one component. *Id*. at 697. Furthermore, if both components are considered, there is no prescribed order in which to address them. *Id.*

A. <u>PETITIONER'S DRUG AMOUNT</u>

Here, Petitioner acknowledges that his counsel argued in memorandums and at resentencing that "the drug amount attributed to Mr. Brown, through Denita Soiltiare should be rejected because, [sic] it was directly contradicted by another government witness who was more credible, Shanon [sic] Muldrow." (Dkt. #1, Ex. Part 1 at 11; *accord id.* at 13-14.) However, Petitioner avers that counsel needed to do more in order to objectively raise the drug amount issue. He argues that counsel provided constitutionally ineffective assistance at resentencing by failing to inform the court that Ms. Muldrow's testimony had never been considered with respect to Petitioner's drug amount, and failing to argue the drug amount under the Relevant Conduct provision of the Sentencing Guidelines. (*Id.* at 13.) Petitioner contends that although he asked counsel to make these arguments, counsel's position was "we have already demonstrated that Ms. Muldrow's testimony contradicts Ms. Solitiare's testimony, and that is enough to ensure that the court would consider Ms. Muldrow's testimony." (*Id.* at 12.)

Respondent argues that the record demonstrates that both the original sentencing judge and this Court did consider Ms. Muldrow's testimony along with all the other testimony in the case. Respondent also asserts that Petitioner's counsel made the arguments that Petitioner alleges were never made. (*See* Dkt. #12 at 2.) Respondent, therefore, contends that Petitioner's claims are patently frivolous. (*Id.* at 13.)

REPORT AND RECOMMENDATION
Page - 4

This Court concludes that Petitioner's claims regarding counsel's challenge to the drug amount lack merit. A review of the record reveals that at the October 2005 resentencing, Judge Pechman plainly identified the materials that she had reviewed in preparation for the hearing. Among other things, those materials included: (1) defendant's sentencing memorandum, along with attachments that included a report of proceedings; (2) the government's sentencing memorandum, along with an accompanying notebook containing the reporter's transcript of pages cited therein; (3) attachments to the government's sentencing memorandum; and (4) notebooks submitted by defense counsel regarding the testimony of the witnesses referred to in the sentencing memorandum. (*See* Dkt. #12, Attachment D at 3-5). Respondent indicates that the attachments to the government's sentencing memorandum included all the testimony specifically referenced in its sentencing memorandum, including both an excerpt from and a complete transcript of Shana Muldrow's testimony. (Dkt. #12 at 10, Attachments B and C.) Moreover, as acknowledged by Petitioner, his counsel expressly objected to the drug amount attributable to Petitioner based on the contradictions between the testimony of Ms. Muldrow and Ms. Solitaire.[2]  (Dkt. #1, Ex. Part 1 at 11.) Thus, even if Ms. Muldrow's testimony had not been

---

[2] At the resentencing hearing, defense counsel made the following argument regarding the drug amount:

> MR. TSUCHIDA: Your Honor, we are past the conviction. We are talking about what weight the Court should give to the evidence that the government in fact is asking the court to find a drug – I guess a drug offense level of 36, over 50 kilos versus 15 to 50 kilos. And *I'm making this argument because our position is that I think, when you look closely at the testimony, objectively, you can only have confidence in that the drug amount is really 15, no more than 50, versus 50 or more*.
> THE COURT: All right. Well, I think we need to move on to a new area please.
> MR. TSUCHIDA: I say that simply because *Shannon Muldro[w], who worked with Miss Solitaire, testified that I counted the drugs, I packaged the drugs, I weighed the drugs, and the most I saw Miss Solitaire ever with was .5*

REPORT AND RECOMMENDATION
Page - 5

1  considered by Judge Dwyer at the 1997 sentencing hearing, her testimony was clearly part of the

2  evidence reviewed and considered by Judge Pechman regarding Petitioner's drug amount at the

3  October 2005 resentencing.

4        Given that Judge Pechman adopted Judge Dwyer's calculations regarding Petitioner's

5  criminal history category of 36, (Dkt. #12, Attachment D at 49, lines 10-13), Petitioner attempts

6  to frame his argument very narrowly in claiming that Judge Dwyer did not consider Ms.

7  Muldrow's testimony "in calculating [his] drug amount." (Dkt. #1, Ex. Part 1 at 17.)  Yet, at the

8  outset of the original sentencing hearing on December 3, 1997, Judge Dwyer clearly identified

9  what evidence he was relying on:

10  > *Insofar as any facts are disputed*, for purposes of this sentencing I will not be using or relying upon any hearsay statements or ex parte communications reflected in the presentence report or anywhere else. But rather, since we had a thorough and extensive trial in this case, *I will be relying upon the evidence received in open court during the trial and subjected to cross-examination.*

13  (Dkt. #12, Attachment A at 7) (emphasis added).  Accordingly, because Petitioner's drug

14  amount was a "fact in dispute" and because Ms. Muldrow was one of the witnesses who testified

15  and was cross-examined during the trial, it is implicit in Judge Dwyer's statement that the

16  Muldrow testimony was part of the evidence he considered in resolving that factual dispute.

17  //

18  //

19  //

20

21  ———————

22      *kilos versus 1.5 or whatever Danita Solitaire testified to.*
        On the – *I think it makes a huge difference, actually, difference between 20-something kilos Judge Dwyer found to approximately eight kilos based upon what Shannon Muldro[w] testified to.*

24  Dkt. #12, Attachment D at 36-37 (emphasis added).

25  REPORT AND RECOMMENDATION
26  Page - 6

Petitioner also makes much of the fact that Judge Dwyer did not expressly say he was considering Ms. Muldrow's testimony when he addressed the drug amount issue.[3] (Dkt. #13 at 6.) However, as the text highlighted in note 2 *supra* shows, Judge Dwyer reiterated that his findings of fact, including "a finding as to the quantity" of drugs attributable to Petitioner, were based on "the evidence admitted at trial." Judge Dwyer also expressly noted his consideration of "proposed reductions from these calculations, " particularly in regards to the amount of drugs attributable to Petitioner through Denita Solitaire. Indeed, "viewing the evidence most favorably

---

[3]Judge Dwyer stated the following regarding his findings of fact:

> I do find as facts the facts stated in the presentence report. *And I base that finding on the evidence admitted at trial.* I've considered, also, the other materials proffered by the defendant, including the hearsay declaration of Margaret Brown. And even with those materials considered, I find by a preponderance of the evidence the facts stated in the presentence report.
> *Now, that includes a finding as to the quantity* and I'll give more specific findings in regard to the quantity of cocaine. In arriving at approximately 84 kilograms attributable to Mr. Brown, I'm including one ounce through Denita Solitaire in 1989; approximately six ounces per week through Denita October '94 and November '94; one and a half to two kilos per week through Denita Solitaire 12/94 through 6/95, and I've used one and a half rather than two; one kilo through Charles and Juanita Bogle; 24 and a half kilos sold by Mr. Taylor, a convicted co-defendant; and 14.8 kilos seized from Margaret Brown when she was arrested. That adds up to 84.
> *I've considered the proposed reductions from these calculations.* In regard to Denita Solitaire, I believe that the most that could reasonably be deducted, *even viewing the evidence most favorably to the defendant*, would be to put her out of the business for up to three months or 12 weeks at one and a half kilos per week. That would take off 18 kilos, which would still leave a total of 66 and would not affect the guideline computations or the sentence.
> So I find the total cocaine attributable to Mr. Brown to be 84 kilos and certainly no less than 66. And the outcome is the same under the sentencing laws that the Court must apply. I make that finding and the others that I've referred to by a preponderance of the evidence, which is the applicable standard under current case law.

(Dkt. #12, Attachment A at 19-20) (emphasis added).

REPORT AND RECOMMENDATION
Page - 7

to the defendant," Judge Dwyer deducted 18 kilos from the amount of drugs attributable to Petitioner through Ms. Solitiare. It can reasonably be inferred from these facts that Ms. Muldrow's testimony, which identified a reduced quantity of drugs attributable to Petitioner via Denita Solitaire, was part of Judge Dwyer's consideration.

Petitioner's related claim that counsel's performance was deficient because he failed to argue the drug amount as mitigating relevant conduct under section 1B1.3 of the Sentencing Guidelines is also without merit. Citing *United States v. Soto*, 156 F.3d 56, 58 (D.C. Cir. 1997), and *United States v. Headley*, 923 F.2d 1079, 1082 (3d Cir. 1991), Petitioner appears to assert that counsel needed to specifically mention the relevant conduct provision in arguing the drug amount. However, *Soto* and *Headl*ey are distinguishable in that they involved ineffective assistance claims based on counsel's failure to seek adjustment of a defendant's offense level under section 3B1.2 of the Sentencing Guidelines. Section 3B1.2 provides for decreasing the offense level based on defendant's *mitigating role* in the offense. U.S. Sentencing Guidelines Manual § 3B1.2 (2006). The *Soto* court held that "[t]o 'raise' the issue properly, counsel had to do more than simply mention the provision; he had to 'specifically [ ] request an adjustment under section 3B1.2.'" 132 F.3d at 58.

In contrast, the relevant conduct provision of the Sentencing Guidelines, section 1B1.3, does not address mitgation. Rather, it prescribes rules for determining the applicable guideline range on the basis of acts and omissions for which defendant is to be held accountable. U.S.S.G. § 1B1.3. The Relevant Conduct section is one of the "Applicable Guidelines" that the court is expressly directed to use after determining the appropriate offense guideline section. *See* 1.B1.2(b). Thus, no specific reference to section 1B1.3 was needed when defense counsel argued that, "[b]ased on Ms. Muldrow's clearly more objective testimony that Ms. Solitaire was handling one-half kilo a week, the drug amount attributed to Mr. Brown via Ms. Solitaire should be 8.5

REPORT AND RECOMMENDATION
Page - 8

rather than 25.5 kilos." (Dkt. #12, Attachment F at 18.)  Because this argument related to conduct that was attributable to Petitioner, counsel tacitly placed the Muldrow testimony among the evidence to be considered by the sentencing court in determining Petitioner's "relevant conduct."

In light of the above discussion, there was simply no factual basis under which Petitioner's counsel could have legitimately raised the arguments that Ms. Muldrow's testimony had not been considered in regard to Petitioner's drug amount.  Counsel's failure to raise meritless legal arguments does not constitute ineffective assistance of counsel. *United States v. Shah*, 878 F.2d 1156, 1162 (9th Cir. 1989) (quoting *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982)).  Accordingly, Petitioner's counsel's performance at the resentencing was not deficient when he failed to raise these meritless arguments, and it did not constitute ineffective assistance.

B.     <u>FAILURE TO INVESTIGATE</u>

Petitioner also argues that counsel's performance was deficient because he did not cite any law supporting the drug amount issue.  He claims that had counsel investigated the law on the drug amount issue, "[h]e would have discovered a wealth of case law in this circuit requiring the court to consider this mitigating evidence" and "[h]e would have discovered that the court was required to lower petitioner's base offense level." (Dkt. #1, Ex. Part 1 at 23, 24.)  The cases Petitioner cites in support of this claim addressed the reliability of the evidence used to calculate the drug amount. *See United States v. Garcia-Sanchez*, 189 F.3d 1143 (9th Cir. 1999) (reversing estimate of a conspiracy's weekly drug sales because not based on reliable evidence); *United States v. Culps*, 300 F.3d 1069, 1072 (9th Cir. 2002) (holding that defendant's sentence was based on an approximated drug quantity that was not supported by sufficiently reliable information).

REPORT AND RECOMMENDATION
Page - 9

The Court initially notes that Petitioner's failure to investigate claim is rooted in his contention that the Muldrow testimony had never been considered, (Dkt. #1, Ex. Part 1 at 27), and, as discussed above, that claim lacks merit. Moreover, this Court finds that the cases highlighted by Petitioner are inapposite to the present case and provide no support for the failure to investigate claim.

In *Garcia-Sanchez*, the court concluded that the evidence used to estimate the conspiracy's weekly sales was unreliable because it consisted of only "unexplained conclusions drawn from unrevealed out-of-court statements." 189 F.3d at 1148. Likewise, in *Culp,* the court held that the quarter-ounce estimate of "average transaction size" was unreliable because it was based on a conclusory statement in a presentence investigation report, where the factual underpinning for that statement had not been explained. 300 F.3d 1078. However, in the present case, both Ms. Muldrow and Ms. Solitaire testified at Petitioner's trial, where they were subjected to cross-examination by defense counsel and where their credibility could be evaluated. Thus, unlike the unreliable evidence *Garcia-Sanchez* and *Culp*, this evidence had sufficient indicia of reliability to support its use in determining Petitioner's drug amount at sentencing.

Finally, Petitioner has failed to present any specific facts that support his claim of failure to investigate. Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (*citing Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1992)). The record contains no evidence regarding his resentencing counsel's investigation or lack thereof. Accordingly, I conclude that Petitioner's second ground for habeas relief should be denied as he has not shown that counsel's performance was deficient on the basis of failure to investigate.

//

//

REPORT AND RECOMMENDATION
Page - 10

IV.  CONCLUSION

Accordingly, the Court recommends that Petitioner's § 2255 motion be DENIED.  A proposed Order accompanies this Report and Recommendation.

DATED this 12th day of March, 2007.

_____
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 11