UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES L. BROWN, SR.,<br><br>           Petitioner,<br><br>   v.<br><br>UNITED STATES,<br><br>           Respondent. | NO. C06-1095MJP<br><br>ORDER ADOPTING REPORT &<br>RECOMMENDATION AND<br>DISMISSING HABEAS PETITION |

This matter comes before the Court on Petitioner's Objections (Dkt. No. 22) to Magistrate Judge Benton's Report & Recommendation (Dkt. No. 17) denying his request for habeas relief under 28 U.S.C. § 2255. Having reviewed the Report and Recommendation ("R&R"), the Objections, and the record, the Court ADOPTS the R&R and DISMISSES Petitioner's request for habeas relief.

**Background**

James L. Brown, Sr. is a federal prisoner who was tried on criminal charges in federal court, with Judge William Dwyer presiding. Mr. Brown was convicted in July 1997 of various drug offenses and related counts, including conspiracy to distribute cocaine and cocaine base, attempted possession of cocaine with intent to distribute, and money laundering. In December 1997, Judge Dwyer ordered that Mr. Brown serve concurrent sentences of 324 months and 240 months in prison. In November 2000, acting pro se, Mr. Brown filed a 28 U.S.C. § 2255 petition challenging his conviction and

**ORDER ADOPTING R&R AND DISMISSING HABEAS PETITION - 1**

1 sentence. He was later appointed counsel, who filed a substitute § 2255 petition in May 2002 that was
2 considered by this Court. The Court vacated Mr. Brown's conviction for the continuing criminal
3 enterprise charge. In October 2005, the Court resentenced Mr. Brown to 185 months in prison and
4 five years supervised release.

5 In his latest § 2255 petition, filed on July 20, 2006, Mr. Brown challenges his current sentence,
6 claiming ineffective assistance of counsel at the resentencing hearing and deficient performance for
7 failure to investigate. He requests a resentencing. His claims rest primarily on a discrepancy between
8 the testimony of two witnesses, Denita Solitaire and Shana Muldrow, who testified before Judge
9 Dwyer. Both women testified as to the amount of cocaine attributable to Mr. Brown in a given week.
10 Ms. Solitaire testified to a higher amount, and Judge Dwyer specifically referenced her testimony
11 during sentencing when he explained his method of calculating the drug amount upon which he based
12 Defendant's sentence. Ms. Muldrow testified to a smaller amount, and Mr. Brown claims that she is
13 the more reliable witness. Mr. Brown claims that if Ms. Muldrow's testimony had been given greater
14 weight, Judge Dwyer would have reached a lower calculation of the drug amount, and would have
15 imposed a lower sentence. Because this Court relied on Judge Dwyer's calculations of the drug
16 amount, Mr. Brown contends that this Court's sentence was also based on erroneous testimony.

17 Magistrate Judge Benton considered Mr. Brown's petition (Dkt. No. 1) and the Government's
18 response (Dkt. No. 12), found Petitioner's claims to lack merit, and recommends that his habeas
19 petition be denied. Petitioner's objections to the R&R do not contain new arguments, but primarily
20 restate the previous claims which were considered by Magistrate Judge Benton.

21 **Analysis**

22 1. Ineffective Assistance of Counsel

23 Petitioner opens his objections by repeating his first claim to Judge Benton - ineffective
24 assistance. He argues that counsel failed to inform this Court during the resentencing hearing that Ms.

25

26 **ORDER ADOPTING R&R AND DISMISSING HABEAS PETITION - 2**

Muldrow's testimony regarding the drug amount had never been considered by either Judge Dwyer or by this Court. Mr. Brown notes that at the original sentencing hearing, Judge Dwyer explained how he arrived at his calculation of the drug amount. He attributed portions of the final amount to Ms. Solitaire, based on her testimony, but did not mention Ms. Muldrow. Petitioner claims that Judge Dwyer's silence regarding Ms. Muldrow's testimony proves that he did not consider her statements. Petitioner further argues that because this Court relied on Judge Dwyer's calculations, the purported oversight of Ms. Muldrow's testimony by Judge Dwyer also led to error at the resentencing hearing.

Petitioner's second ineffectiveness argument is closely tied to the first. He asserts that his counsel's performance was defective because counsel failed to request a sentencing adjustment under §1B1.3 of the Federal Sentencing Guidelines. He asserts that this omission, along with the alleged failure to highlight Ms. Muldrow's testimony to this Court, resulted in constitutionally ineffective assistance of counsel that caused him to receive a longer sentence than he deserved.

a. The Strickland Standard

To succeed on an ineffective assistance of counsel claim, the petitioner has the burden to show that: (1) counsel's performance was deficient, in that errors so serious were made that the "counsel" guaranteed by the Sixth Amendment was not present, and (2) the deficient performance prejudiced the result and prevented a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). This second prong is achieved by showing "reasonable probability" that were it not for counsel's errors, the outcome of the proceeding would have been different. Id.; see also United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir. 1993). Although the petitioner is required to show both prongs in order to prove ineffective assistance, the court does not have to consider both prongs, if one is found to be lacking, and there is no prescribed order in which to address these prongs. Strickland, 466 U.S. at 697.

**ORDER ADOPTING R&R AND DISMISSING HABEAS PETITION - 3**

The standard for determining attorney performance is "reasonably effective assistance." <u>Id.</u> at 687. This includes a duty of loyalty, a duty to advocate the defendant's cause, and a duty to make reasonable investigations. <u>Id.</u> at 688. Professional standards provide that the attorney must consult with a criminal defendant on important decisions and keep the defendant informed of important developments. <u>Id.</u> Within this framework, the attorney does have discretion to make tactical decisions. <u>Id.</u> at 689. Although an attorney must bring enough skill and knowledge to any proceeding to ensure a reliable adversarial process, the court is required to review ineffectiveness claims under a strong presumption that counsel's conduct was reasonable. <u>Id.</u> at 689-90. In other words, judicial scrutiny must be highly deferential and must consider the totality of evidence before the judge and jury, without relying on hindsight. No special standards apply to habeas proceedings regarding ineffective assistance of counsel. <u>Id.</u> at 698.

b. <u>Counsel's Treatment of the Conflicting Testimony Was Sufficient</u>

Mr. Brown's attorney, Brian Tsuchida, provided a reasonable level of assistance in relation to the issue of the drug amount. As Magistrate Judge Benton concluded, Mr. Tsuchida did address Ms. Muldrow's testimony, just not in the specific manner that his client wanted. Mr. Brown acknowledges that his counsel argued in memorandums and at resentencing that Ms. Muldrow's testimony contradicted Ms. Solitaire's testimony, and that Ms. Muldrow was the more reliable witness. (Dkt. No. 1, Ex. Part 1 at 13.) According to Petitioner, Mr. Tsuchida believed that demonstrating the conflicts between Ms. Solitaire and Ms. Muldrow's testimony would provide the court with sufficient information from which to draw a reasonable conclusion. (Dkt. No.1, Ex. Part 1 at 11.) A determination of how to present relevant information falls within the tactical discretion <u>Strickland</u> affords attorneys. 466 U.S. at 689. Despite Petitioner's concerns that this argument was not adequately connected to the calculation of the drug amount, the Court concludes that counsel's actions met the deferential <u>Strickland</u> standard.

**ORDER ADOPTING R&R AND DISMISSING HABEAS PETITION - 4**

1        c. No Evidence Indicates Relevant Testimony Was Overlooked by Either Sentencing Judge

2        Judge Dwyer stated that his findings were based "on the evidence admitted at trial" and that
3 the evidence was viewed "most favorably to the defendant." (Dkt. No. 12, Attachment A at 19.)  Both
4 Ms. Muldrow and Ms. Solitaire testified at trial, and transcripts of their testimony were part of the
5 record.  Because Ms. Muldrow testified at trial and was cross-examined, and because the drug amount
6 was a fact in dispute, it is proper to assume that Judge Dwyer considered her testimony before
7 calculating the final drug amount.  It is also proper to assume that this Court considered Ms.
8 Muldrow's testimony.

9        The Strickland standard requires the court to consider with deference the totality of evidence
10 reviewed at trial. 466 U.S. at 689-90.  Based on this standard, it is improper to focus exclusively on
11 one or two statements made by Judge Dwyer or this Court.  The record of the proceedings indicates
12 that both judges considered all of the relevant evidence when calculating the drug amount.

13        d. Counsel Did Not Need to Specifically Request a Sentencing Adjustment

14        Petitioner faults his attorney for failing to explicitly request mitigation under section 1B1.3 of
15 the Federal Sentencing Guidelines.[1]  Mr. Brown relies on several unauthoritative cases in which courts
16 held that counsel was deficient for failing to adequately present a request for mitigating conditions
17 under section 3B1.2.[2]  See United States v. Soto, 132 F.3d 56 (D.C. Cir. 1997) (holding that counsel
18 must specifically request sentence reduction under § 3B1.2 rather than reciting list of mitigating
19 factors); United States v. Headley, 923 F.2d 1079 (3rd Cir. 1991) (finding that counsel was ineffective
20 for failing to argue for downward adjustment under § 3B1.2 based on mitigating factors); United

---

[1]   Section 1B1.3 requires a sentencing judge to determine the guideline range for the sentence based on "relevant conduct."  Factors to consider are enumerated, including willful acts and omissions, jointly undertaken criminal activity, and resulting harm.

[2]   Section 3B1.2 requires a sentencing judge to decrease the offense level used for sentencing if the defendant was a "minimal" or "minor" participant in the crime.  This is a mitigating factor.

26 **ORDER ADOPTING R&R AND DISMISSING HABEAS PETITION - 5**

States v. Williamson, 183 F.3d 458 (5th Cir. 1999) (finding ineffective assistance where counsel failed to cite controlling authority regarding sentence enhancement); and United States v. Harfst, 168 F.3d 398 (10th Cir. 1999) (stating that counsel's failure to argue defendant's entitlement to mitigation under § 3B1.2 was deficient performance and prejudiced the outcome). The only Ninth Circuit authority that Petitioner cites is United States v. Kwan, in which the court held that counsel's lack of knowledge about immigration law and its negative effect on defendant's guilty plea constituted ineffective assistance. 407 F.3d 1005 (9th Cir. 2005).

Magistrate Judge Benton correctly concluded that this argument is also without merit. The cases addressing failure to argue for sentencing mitigation under Sentencing Guideline section 3B1.2 are not directly applicable here because section 3B1.2 provides for mitigation in the specific situation where a defendant's participation in the crime was minimal or minor. Section 1B1.3, on the other hand, is not a mitigation provision, but a general provision that describes the rules for determining the sentencing range based on defendant's relevant conduct. A sentencing court is required by section 1.B1.2(b) to factor relevant conduct, as described in section 1B1.3, into the sentencing determination. Because section 1.B1.2(b) instructs the sentencing judge to apply the factors in section 1B1.3, they are automatically applicable, and therefore Mr. Tsuchida's failure to raise them with the sentencing judge is harmless. Counsel's alleged failure to raise the issue did not constitute ineffective assistance.

Despite the distinction between the two sentencing guidelines, Petitioner asks the Court to analogize the holdings of the cases that address section 3B1.2 to his case, and to hold that any failure by counsel to raise sentencing issues is prejudicial to the defendant. He cites United States v. Mannino, where the Third Circuit determined that counsel's performance was inadequate because counsel failed to argue on appeal that the trial court had used incorrect methodology to calculate the drug amount used for sentencing. 212 F.3d 835, 844 (3d Cir. 2000). However, in that case, counsel's ineffectiveness hinged on the appellate court's determination that the sentencing court used incorrect

**ORDER ADOPTING R&R AND DISMISSING HABEAS PETITION - 6**

1 methodology, an error that counsel has a duty to address. Id.  Here, Petitioner's claims of judicial

2 error are unfounded. Therefore, the Mannino case is inapposite.

3 2. Petitioner Objects to the Conclusion That His Failure to Investigate Claim is Erroneous

4 Petitioner also argues that counsel's performance was deficient because counsel did not cite

5 any law supporting a lower sentence based on Ms. Muldrow's testimony.  The cases Petitioner cites to

6 support his claim are not on point, because the evidence in those cases was found to be unreliable

7 when it was obtained from undiscoverable out-of-court sources. See United States v. Garcia-Sanchez,

8 189 F.3d 1143 (9th Cir. 1999) (reversing defendant's sentence where court relied on conclusions

9 drawn by a law enforcement agent from unrevealed out-of-court statements to make its estimate of

10 weekly drug sales); United States v. Culps, 300 F.3d 1069 (9th Cir. 2002) (holding that court may not

11 rely on conclusory statements from presentence report to calculate the drug amount); United States v.

12 Scheele, 231 F.3d 492, 499 (9th Cir. 2000) (requiring district courts to consider the margin of error

13 and to err on the side of caution when calculating drug amount).  These cases are distinguishable from

14 the present case, where the witness testified and was cross-examined at trial.  Counsel is not expected

15 to cite these cases, which are not on point and would not have been helpful to Petitioner's case.

16 Moreover, Petitioner's argument incorrectly assumes that neither sentencing court considered

17 Ms. Muldrow's testimony or gave it adequate weight, and that his counsel should have done more to

18 highlight the issue.  As mentioned, both judges were fully informed of the relevant evidence.  Because

19 Petitioner has not shown a failure of any duty that prejudiced the outcome of his sentencing, his claim

20 of failure to investigate fails.

21 3. Petitioner Objects to Magistrate Judge Benton's Failure to Accept All the Facts in His Failure to

22 Investigate Claim as True

23 In his final objection to Magistrate Judge Benton's R&R, Petitioner claims that all the

24 allegations in his petition regarding counsel's failure to investigate must be accepted as true, based on

25

26 **ORDER ADOPTING R&R AND DISMISSING HABEAS PETITION - 7**

the government's failure to analyze the issue in its response. He cites 28 U.S.C. § 2248, which provides that "[t]he allegations of a return to a writ of habeas corpus or an order to show cause in a habeas corpus proceedings, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

On its face, this statute applies to allegations of fact in the return or response to the habeas petition, not the petition itself. Petitioner's assertion that the Government failed to "traverse" the issue is inaccurate. Although the Government did not include a separate section in its response analyzing the failure to investigate issue, it did examine the operative facts for that issue in the context of counsel's treatment of Ms. Muldrow's testimony. The relevant facts for both issues are the same, and the Court is not obligated to accept Mr. Brown's allegations as true.

## Conclusion

Petitioner's claims of ineffective counsel and failure to investigate are based entirely on the narrow assertion that one witness' testimony should have been accorded greater weight, which Petitioner assumes would have resulted in a lower calculation of the drug amount, and thus a lower sentence. Under the Strickland standard, his attorney's actions adequately addressed this issue. There was no error sufficient to meet the ineffectiveness prong of Strickland, nor is there reasonable probability to assume that different actions would have resulted in a lower sentence. Therefore, the Court ADOPTS Magistrate Judge Benton's R&R and DENIES Petitioner's § 2255 motion.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: August 6, 2007

/s Marsha J. Pechman
Marsha J. Pechman
United States District Judge

**ORDER ADOPTING R&R AND DISMISSING HABEAS PETITION - 8**